USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR VELAZQUEZ,<br><br>         *Plaintiff*,<br><br>-v-<br><br>JOHNSON DELI NY INC., and NAJI ALHUMAIDI, individually,<br><br>         *Defendants*. | Civil Case No.: 23-7289 (MKV) |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

  The parties to the above-captioned action shall disclose information—including trade secrets and other confidential business information—for which special protection from public disclosure and from use for any purpose other than for prosecuting and/or defending this action is warranted under Rule 26(c) of the Federal Rules of Civil Procedure. To protect against the improper use or disclosure of such information, plaintiff Cesar Velazquez ("Plaintiff") and defendants Johnson Deli NY, Inc. and Naji Alhumaidi ("Defendants," and together with Plaintiff, each a "Party" or together the "Parties"), by their respective counsel, hereby stipulate and agree, and the Court enters the following Confidentiality Agreement and Protective Order, as follows:

  1. When any Party produces or provides documents at any time during the above-captioned litigation and reasonably believes that such documents contain trade secrets or other competitively sensitive information, Plaintiff or Defendants shall stamp all such documents with the word "CONFIDENTIAL" and such documents shall thereafter be protected pursuant to the terms of this Confidentiality Agreement and Protective Order.  When producing Confidential Information or Highly Confidential Information (defined below), the producing Party shall stamp all pages of the document  with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY" designation.  However, failure to affix such a designation on all pages of a multi-page document shall not waive the producing Party's right to designate the entire document as Confidential or Highly Confidential.

2. If a Party produces or provides documents at any time during the above-captioned litigation and reasonably believes that such documents contain trade secrets or other competitively sensitive strategic or financial data that could potentially be used by the requesting Party or another party for commercial use or otherwise to harm the competitive position of the designating Party, and disclosure of which to anyone other than a Qualified Person under Paragraph 6 hereof would be severely prejudicial to the designating Party, Plaintiffs or Defendants shall stamp such documents with the words "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY'S EYES ONLY," and such documents shall thereafter be protected pursuant to the terms of this Confidentiality Agreement and Protective Order. Documents stamped "Highly Confidential Information - Attorney's Eyes Only" (hereafter "Highly Confidential Information") shall be for review only by the Qualified Persons set forth in Paragraph 6 hereof.

3. The inadvertent production of any responsive document, material, or information without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation shall not operate as a waiver of its confidential status under this Confidentiality Agreement and Protective Order, so long as any such inadvertent production is brought to the attention of opposing counsel by counsel for the party designating such document, material or information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" promptly after discovery of the inadvertent failure to so designate at the time of production. Any use or disclosure by the receiving party of any such document or information prior to being notified of its confidential nature shall not be deemed a violation of this Confidentiality Agreement and Protective Order.

4. If Plaintiff or Defendants wish to use any deposition testimony concerning documents, material, or information designated as Confidential or Highly Confidential, the portion of the deposition transcript which relates to such documents, material or information shall be designated and treated as Confidential or Highly Confidential and subject to the confidentiality provisions hereof.  This Confidentiality Agreement and Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as "Confidential" under the terms hereof, provided counsel has a good-faith belief that such witness has previously seen the document.

5. Documents, material or information (including portions of deposition transcripts) received from the opposing party and designated as Confidential, or information derived therefrom (collectively "Confidential Information"), may be disclosed or made available by the party receiving the Confidential Information (or their respective counsel) only to the following:

    A. Plaintiff, Defendants, and any agents or employees of Defendants (current or former) with whom Defendants' counsel believes the information is necessary to share in order to prepare the defense of or evaluate Plaintiffs' claims;

    B. the Court and its personnel (in the manner provided by paragraph 9 hereof);

    C. counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

    D. court reporters, stenographers, or videographers utilized in this litigation;

    E. any expert or consultant engaged or consulted in this action;

    F. any witnesses testifying at a deposition or trial in this action provided counsel has a good-faith belief that such witness has previously seen the document; and

    F. any other person as agreed upon by the parties or ordered by the Court.

6. Documents, material or information received from the opposing party and designated as Highly Confidential Information, or information derived therefrom, may be disclosed or made available by the Party receiving the Highly Confidential Information only to the following "Qualified Persons":

    A. the Court and its personnel (in the manner provided by paragraph 9 hereof);

    B. counsel of record for Plaintiff or Defendants and their paralegal(s), and clerical and secretarial staff employed by them;

    C. third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation;

    D. court reporters, stenographers, or videographers utilized in this litigation; and

    E. any other person as agreed upon by the Parties or ordered by the Court.

7. All Confidential Information or Highly Confidential Information received in this case shall be used by the person(s) receiving it only for the purposes of preparing for and conducting this litigation. It may not be used for any other purpose, including any competitive purpose.

8. Prior to disclosure of Confidential Information or Highly Confidential Information received from another party that is protected by this Confidentiality Agreement and Protective Order to any individual or entity that falls within the categories set forth in paragraphs 5 and 6 above (except the Court and its personnel), Plaintiff or Defendants or their respective counsel shall secure their promise that they will not disclose any information protected by this Confidentiality Agreement and Protective Order to anyone other than counsel and the parties, as limited herein.

9. Prior to filing any pleadings, motions or other papers with the Court that disclose any Confidential Information or Highly Confidential Information, the filing party shall, at least three (3) business days prior to such filing, provide the party who produced the Confidential Information at issue with notice, via email to the non-filing party's counsel, of its intent to do so. If the Parties are not able to reach agreement, after engaging in good faith negotiation, as to whether such information should be filed under seal, the party seeking to file the Confidential Information shall do so under seal, without prejudice to the filing party's ability to request that the Court order that such document be re-filed as not "under seal." Upon filing any Confidential Information or Highly Confidential Information under seal, the pleadings, motions or papers at issue shall be labeled "Confidential – Subject to Confidentiality Agreement and Protective Order," filed under seal, and kept under seal until further order of the Court. The original and all copies of any document filed under seal, including all copies served on parties to this action, shall be marked on the first page of the document, and each page thereof containing Confidential Information, with the above-referenced legend. Where possible, only confidential portions of filings with the Court shall be filed under seal. If any pleadings, motions or other paper reproduces, paraphrases or discloses any document that has previously been designated by a party as comprising or containing Confidential or Highly Confidential information, the redacted copy of that pleading, motion, or paper shall identify the document by the production number ascribed to it at the time of production.

10. If at trial any non-disclosing party attempts to introduce into evidence or use in cross-examination Confidential Information, whether a document, deposition testimony or otherwise, the disclosing party may request that the Court preserve the confidentiality of that Confidential Information to the extent and by the means the Court deems necessary and appropriate. Use of Confidential Information at trial shall not destroy, or waive, the confidential nature of such information.

11. Nothing herein shall be construed as a concession by either Party of the relevance or lack of relevance of any information or documents or to require either Party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

12. Within sixty (60) days after final termination of this action, including all appeals, the Parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information or Highly Confidential Information that he/it received from the disclosing party, and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents). Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, referencing or containing Confidential Information or Highly Confidential Information. This Confidentiality Agreement and Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. A Party that elects to destroy, rather than return, Confidential Information or Highly Confidential Information pursuant to this Section 12 shall certify in writing to the disclosing party that he/it has done so.

13. Nothing in this Confidentiality Agreement and Protective Order shall prevent a Party from applying to the Court for any additional protection with respect to the confidentiality of documents, material or information, including permission to treat Confidential Information on an "attorneys' eyes only" basis, or for the right to utilize the Confidential Information in any way not contemplated herein, as either party may consider appropriate.

14. The provisions of this Confidentiality Agreement and Protective Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom~~, and the Court handling this action shall retain continuing jurisdiction in order to enforce the terms of this Confidentiality Agreement and Protective Order~~.

15. In the event that a Party has an objection to a Confidential or Highly Confidential designation, counsel for the objecting party shall notify opposing counsel in writing of the objection and the basis therefor. If the Parties cannot resolve the dispute among themselves, then within ten (10) business days of written notice by either Party that the parties cannot resolve such dispute, the opposing Party will present the dispute to the Court by motion or the objection will be deemed withdrawn. In the event the objecting party files any such motion, the designating party bears the burden of demonstrating the necessity of the challenged designation under prevailing law. During the pendency of any such motion or other process by which the Court considers the dispute, the document or information in question shall be treated as Confidential or Highly Confidential Information and subject to the provisions of this Confidentiality Agreement and Protective Order.

16. Any non-party may join in this Confidentiality Agreement and Protective Order by confirming, in writing, that the non-party agrees to be bound by this Confidentiality Agreement and Protective Order, and upon doing so, shall have the same rights and obligations under this Confidentiality Agreement and Protective Order as any Party to this action. Additionally, any Party may designate materials produced by a third party and meeting the standard above as Confidential, or, if so classified or requested by the producing party, Highly Confidential by notice to another Party.

17. In the event of a breach of this Confidentiality Agreement and Protective Order, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

18. Nothing contained herein shall be construed as a waiver by the Parties of the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or duties. The Parties agree that should issues relating to these duties and/or privileges arise, they will meet and confer to discuss the particular disclosure sought and, in any event, retain the right to present the issue to the Court for resolution.

19. Once executed by the parties, this Confidentiality Agreement and Protective Order shall be binding on them as a matter of contract.

20. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: _April 11,_, 2024

CILENTI & COOPER, PLLC

*Peter Hans Cooper*
_____
Peter Hans Cooper, Esq.
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933

AUGELLO LAW GROUP, P.C.

_____
Cynthia A. Augello, Esq.
**Counsel for Defendants**
260 West 36th Street, Suite 602
New York, New York 10018
Telephone (347) 588-1932

So ordered: *Mary Kay Vyskocil*
Mary Kay Vyskocil, United States District Judge
April 29, 2024