UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR VELASQUEZ<br><br>                   Plaintiff,<br><br>    -against-<br><br>JOHNSON DELI NY Inc., et al.,<br><br>                  Defendants. | 23-CV-7289 (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY,** United States Magistrate Judge.

Before me is the parties' joint request that the Court approve their settlement agreement in this case (the "Settlement Agreement"), a fully executed copy of which was submitted on August 29, 2024 (ECF 45-1). This case is an action for money damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and various provisions of the New York Labor Law. A federal court must determine whether settlement of an FLSA case is fair and reasonable and the subject of an arms'-length negotiation, as opposed to an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). I have carefully reviewed the Settlement Agreement, as well as the parties' letter addressing whether the Settlement Agreement is fair and reasonable (ECF 45). I conclude that I need additional information before I can approve the Settlement Agreement.

In considering whether a settlement agreement passes muster under *Cheeks,* courts in this District require documentation supporting the attorneys' fees, which includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332,

1

336 (S.D.N.Y. 2012); *see also Mamani v. Licetti,* No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050,

at *3 (S.D.N.Y. July 2, 2014) (rejecting request for  attorneys' fees in the absence of

substantiating documentation that would allow the court to assess the reasonableness of the

fee). "[E]ven when the proposed fees do not exceed one third of the total settlement amount,

courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of

attorneys' fees." *Guzman Iturbide v. Huntingwood, Inc*., No. 18-CV-9036 (AJN), 2020 WL

4570492, at *1 (S.D.N.Y. Aug. 7, 2020).

The lodestar method requires records of hourly rates. *See id.* at *2 (awarding attorneys'

fees where parties submitted records of hourly rates and where the lodestar amount was

reasonable); *Dector v. Chierchio*, No. 17-CV-2269 (ER), 2020 WL 4261200, at *2 (S.D.N.Y. July 24,

2020) (rejecting application for fees where the parties did not submit documentation that

would allow the court to calculate the lodestar amount of attorneys' fees). The hours expended

must be reasonable*. See Jimenez v. KLB Foods, Inc.,* No. 12-CV-6796 (JPO), 2015 WL 3947273, at

*3 (S.D.N.Y. June 29, 2015). And the hourly rates must fall within the range of prevailing rates in

the District. *See, e.g., Garcia v. Bad Horse Pizza, Inc.*, No. 14-CV-8858, 2017 WL 192955, at *6

(S.D.N.Y. Jan. 18, 2017). Finally, "[j]udges in this district have routinely denied requests for

attorney's fees where applications were not properly supported by information on attorneys'

qualifications and experience." *Custodio v. Am. Chain Link & Const., Inc*., 2014 WL 116147, at *7

(S.D.N.Y. Jan. 13, 2014). Plaintiff has not provided such documentation.

By **September 9, 2024**, Plaintiff shall submit documentation that would allow the Court

to calculate the lodestar amount of attorneys' fees, including: for each attorney for Plaintiff

2

who worked on this matter, counsel's billing records, which should reflect the date, the hours

expended, and the nature of the work done; information on counsel's qualifications and

experience; and any other materials Plaintiff believes would assist the Court in calculating the

lodestar amount of attorneys' fees and in assessing whether that amount is reasonable.


Dated: September 5, 2024
       New York, New York


So Ordered.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**


3